HAZOURI, J.
Jevon Ferguson appeals from the trial court’s denial of his motion to withdraw his plea and the deniál of his motion to correct sentencing error. We affirm.
Ferguson was charged with trafficking in cocaine in an amount between 28 and 200 grams and possession of cannabis, both of which occurred on March 7, 2001. Ferguson pled guilty to the charges and entered into a substantial assistance agreement with the State. Sentencing was deferred for ninety days. As a part of the substantial assistance agreement, Ferguson agreed that the prosecutor would be the sole determiner as to whether he provided substantial assistance and, in addition, Ferguson waived his right to withdraw his plea.
At the time of the sentencing hearing the State asserted that Ferguson had violated the conditions of the substantial assistance agreement because he had been arrested for a crime during the time between the execution of the substantial assistance agreement and the sentencing hearing. When Ferguson sought to withdraw his plea, the trial court denied the *517 motion. On the trafficking count, the trial judge sentenced Ferguson to twenty years with a minimum mandatory of three years, a $50,000 fine and credit for time served. As to the possession count, the trial judge sentenced Ferguson to five years concurrent to the sentence on the trafficking charge.
Florida Rule of Criminal Procedure 3.170(f) states in part: “The court may, in its discretion, and shall upon good cause, at any time before a sentence, permit a plea of guilty to be withdrawn.” The trial court in the instant case did not abuse its discretion nor did defendant establish good cause. We therefore affirm the trial court’s denial of Ferguson’s motion to withdraw his plea of guilty.
Ferguson asserts that the trial court erred in denying his motion to correct sentencing error. He argues that he must be resentenced on Count I that included a mandatory minimum under section 893.135(l)(b)la, Florida Statutes (1999), which was part of chapter 99-188, because that chapter was held to violate the single subject rule of the Florida Constitution in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002). Under Taylor, Ferguson would be entitled to be resentenced. However, this court recently decided the en banc decision of Hernandez-Molina v. State, 2003 WL 22715773, 860 So.2d 483 (Fla. 4th DCA 2003), in which we disagreed with Taylor and held that chapter 99-188 did not violate the single subject rule of the Florida Constitution. We therefore affirm the trial court’s denial of Ferguson’s motion to correct sentencing error but certify conflict with Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002).
STEVENSON and MAY, JJ., concur.